BLD-170                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1401
_____

TIBERIO JESUS MEJIA,
                          Appellant

v.

JOHN YOST


_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 08-cv-00094)
District Judge:  Honorable Kim R. Gibson


_____


Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 15, 2010

Before: McKEE, Chief Judge, RENDELL and CHAGARES, Circuit Judges

(Filed: July 26, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Tiberio Jesus Mejia appeals pro se from an order dismissing his petition under 28

U.S.C. § 2241 for lack of jurisdiction.  Because no substantial question is presented by

this appeal, we will deny his motion for summary reversal and summarily affirm the order of the District Court.

## I.

After pleading guilty to drug charges in 1993, Mejia was sentenced by the United States District Court for the Southern District of Texas to 235 months of imprisonment. Mejia appealed his conviction and sentence to the Fifth Circuit Court of Appeals, which dismissed the appeal. See United States v. Mejia, 24 F.3d 239, 1994 WL 243287, at *2 (5th Cir. 1994) (per curiam). In 2006, Mejia filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, challenging his conviction under United States v. Booker, 543 U.S. 220 (2005). The District Court dismissed the petition because it was time-barred, and because Booker is not retroactive.

In 2008, Mejia filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Western District of Pennsylvania, the judicial district where he is incarcerated.[1] Mejia argued that he was not challenging his sentence or conviction, but rather seeking relief because he had incurred the loss of liberty for an offense without notice and a meaningful opportunity to defend due to ineffective assistance of counsel. The District Court determined that the petition was essentially a second or successive motion under § 2255, and concluded that it lacked jurisdiction

---

[1] Mejia is currently serving his sentence at the Federal Correctional Institution in Loretto, Pennsylvania.

because Mejia failed to demonstrate that § 2255 was an inadequate or ineffective remedy so as to bring the petition within the statute's "savings clause." See 28 U.S.C. § 2255(e). Mejia appealed. Our Clerk advised Mejia that his appeal was subject to summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6, and invited him to submit argument in writing. In response, Mejia acknowledged that he is unable to proceed under § 2255 because he challenged his conviction in a prior § 2255 motion. However, he argued that because his first § 2255 petition was barred by the statute of limitations and his claims were never heard on the merits, he is entitled to review of his claim under the principles enunciated in In re Dorsainvil, 119 F.3d 245, 247 (3d Cir. 1997). In the alternative, Mejia argues that the District Court should have addressed the merits of his claims by applying principles of equity.

## II.

We have jurisdiction under 28 U.S.C. §1291. We exercise plenary review over the District Court's legal conclusions, and we apply a clearly erroneous standard to its factual findings. Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002) (quoting Rios v. Wiley, 201 F.3d 257, 262 (3d Cir. 2000)). We may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. Third Circuit LAR 27.4 and I.O.P. 10.6.

## III.

A § 2255 motion is "the presumptive means by which federal prisoners can

challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A prisoner can raise such a challenge via § 2241 only upon showing that § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). The "safety-valve" provided under § 2255 is extremely narrow and has been held to apply only in rare circumstances, such as when a prisoner had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal due to an intervening change in the law. See e.g., In re Dorsainvil, 119 F. 3d 245, 251 (3d Cir. 1997).

We agree with the District Court that Mejia's § 2241 petition amounts to a second or successive challenge to his conviction,[2] and that Mejia has failed to show that § 2255 is inadequate or ineffective to test the legality of his detention. In contrast to the petitioner in In re Dorsainvil, Mejia does not rely on an intervening change in the law to argue that his conduct is noncriminal. In addition, Mejia is not a petitioner who "had no earlier opportunity" to challenge his conviction: he was aware of, and could have raised, his claim of ineffective assistance of counsel in his first § 2255 motion, but failed to do so. Id. That he failed to do so does not render the remedy afforded by § 2255 inadequate or

---

[2] Mejia appears to have conceded in his argument on appeal that his § 2241 petition is a second or successive challenge to his conviction. Regardless, we agree with the District Court's conclusion that Mejia's claim that he was deprived of a meaningful opportunity to defend as a result of ineffective assistance of counsel challenges the validity of his conviction and is not properly raised in a § 2241 petition. See Okereke, 307 F.3d at 120; Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

4

ineffective.  See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (holding that "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative" under § 2255).

Furthermore, Mejia cannot rely on § 2241 simply because his first 2255 motion was untimely.  We have specifically rejected the argument that a § 2255 motion is "inadequate or ineffective" when a petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive petition.  See Okereke, 307 F.3d at 120; see also Cradle, 290 F.3d at 539 ("Section 2255 is not inadequate or ineffective merely because . . . the one-year statute of limitations has expired.").

Mejia's argument that the District Court, in equity, should have addressed the merits of Mejia's petition must also fail.  A district court's powers in equity are limited and cannot be used to override a clear jurisdictional mandate from Congress.  United States v. Oakland Cannabis Buyers' Coop., 532 U.S. 483, 497 (2001).  It is without dispute that the bar against second or successive habeas petitions set forth in 28 U.S.C. § 2255(e) is jurisdictional.  See 28 U.S.C. 2244(a), 2255; see also Burton v. Stewart, 549 U.S. 147, 157 (2007).   The District Court cannot use its powers in equity to cure this jurisdictional defect.  Mejia's recourse at this point is to seek permission from the Fifth Circuit Court of Appeals to file a second or successive § 2255 motion in the sentencing court.

IV.

5

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Mejia's habeas corpus petition for lack of jurisdiction. Mejia's motion for summary reversal is denied.